UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LAMAR McINNIS, et al., | No. 2:14-cv-1915 DAD P |
| Plaintiff, | |
| v. | ORDER |
| YOLO COUNTY JAIL, et al., | |
| Defendants. | |

Two plaintiffs, Robert McInnis and Alfonso Johnson, have together filed a civil rights action pursuant to 42 U.S.C. § 1983. Both plaintiffs are incarcerated at the Yolo County Jail. In their complaint, which both plaintiffs signed, plaintiffs allege that they have each been diagnosed with mental illnesses; that neither plaintiff is receiving adequate mental health or medical care; that black mold is growing in the air vents and shower walls at the Yolo County Jail; that their religious rights have been infringed; and that a correctional officer has harassed and twice assaulted plaintiff McInnis. Plaintiffs each seek $100,000 in damages, and declaratory and injunctive relief.

It appears that plaintiff McInnis prepared the complaint pending before the court, and that most of the allegations involve the alleged violation of his rights, not plaintiff Johnson's. Due to this disparity, and because only plaintiff McInnis filed a request to proceed in forma pauperis, this
/////

1

action will be severed to permit each plaintiff to pursue his own claims.[1]  See Fed. R. Civ. P. 21 ("Parties may be dropped or added by order of the court on . . . its own initiative at any stage of the action and on such terms as are just.  Any claim against a party may be severed and proceeded with separately."); see also Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance).

Accordingly, plaintiff McInnis will proceed in this action, while plaintiff Johnson will proceed on the complaint already on file in a new civil rights action to be opened by the Clerk of the Court.  The new action will be assigned to the same district judge and magistrate judge assigned to the instant action.

The court also notes that plaintiff McInnis' current in forma pauperis application is incomplete.  The certificate portion of the request must be completed by plaintiff's institution of incarceration, which must also provide a certified copy of plaintiff's trust account statement for the six-month period immediately preceding the commencement of this action.  See 28 U.S.C. § 1915(a)(2).  Plaintiff McInnis will be provided the opportunity to submit a completed in forma pauperis application and a certified copy of his trust account statement in support thereof.  Plaintiff Johnson will be required to submit his own in forma pauperis application in order to proceed with his own action that will be opened pursuant to this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The claims of plaintiff Alfonso Johnson are severed from the claims of plaintiff Robert McInnis.

2. Plaintiff McInnis shall proceed as the sole plaintiff in this case, Case No. 2:14-cv-01915 DAD P.

/////

/////

---

[1] In this court's experience, an action brought by more than one plaintiff proceeding pro se presents procedural problems that cause delay and confusion.  Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals.

3. The Clerk of the Court is directed to:

    a. Open a separate civil action for plaintiff Alfonso Johnson;

    b. Assign the new action to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

    c. File and docket a copy of this order in the file opened for plaintiff Alfonso Johnson;

    d. Place a copy of the complaint filed August 15, 2014 in the file opened for plaintiff Alfonso Johnson;

    e. Strike from the caption of each plaintiff's complaint the name of the other plaintiff; and

    f. Send each plaintiff an endorsed copy of the original complaint bearing the amended caption and the case number assigned to his own individual action.

4. Each plaintiff's complaint is dismissed.

5. The Clerk of the Court is directed to send each plaintiff a new form for filing a civil rights action under 42 U.S.C. § 1983 and a new Application to Proceed In Forma Pauperis By a Prisoner.

6. Each plaintiff is granted **thirty days from the filing date of this order** to file an amended complaint and a new application to proceed in forma pauperis, using the forms provided by the court with this order. Each plaintiff's documents must bear the docket number assigned to his own individual case, and each complaint must be labeled "Amended Complaint." Each plaintiff must file an original and two copies of his Amended Complaint.

7. Failure to file an Amended Complaint or a new application to proceed in forma pauperis in accordance with this order will result in a recommendation that the plaintiff's action be dismissed without prejudice.

Dated: September 27, 2014

DAD:4
mcin1915.2.2

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE