UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO JOHNSON, | No. 2:14-cv-2253 DAD P |
| Plaintiff, | |
| v. | ORDER |
| YOLO COUNTY JAIL et al., | |
| Defendants. | |

Plaintiff is a county jail inmate proceeding pro se. Plaintiff and a fellow inmate previously commenced a civil rights action by filing a complaint, primarily complaining about not receiving adequate medical and mental health care. See Case No. 2:14-cv-01915 DAD P. The undersigned severed plaintiff's claims, directed the Clerk of the Court to open this separate civil action for plaintiff, dismissed his original complaint and granted him leave to file an amended complaint and an application to proceed in forma pauperis. (Doc. No. 3) Plaintiff has complied with the court's order.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1  the appropriate agency to collect the initial partial filing fee from plaintiff's county jail trust

2  account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for

3  monthly payments of twenty percent of the preceding month's income credited to plaintiff's

4  county jail account.  These payments will be forwarded by the appropriate agency to the Clerk of

5  the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in

6  full.  28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

7  

8  The court is required to screen complaints brought by prisoners seeking relief against a

9  governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

10  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

11  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

12  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

13  U.S.C. § 1915A(b)(1) & (2).

14  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

15  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

16  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

17  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

18  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

19  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

20  Cir. 1989); Franklin, 745 F.2d at 1227.

21  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

22  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

25  However, in order to survive dismissal for failure to state a claim a complaint must contain more

26  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

27  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

28  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

1  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
2  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
3  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
4     The Civil Rights Act under which this action was filed provides as follows:
5
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

8  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
9  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
10 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
11 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
12 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
13 omits to perform an act which he is legally required to do that causes the deprivation of which
14 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15   Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
16 their employees under a theory of respondeat superior and, therefore, when a named defendant
17 holds a supervisorial position, the causal link between him and the claimed constitutional
18 violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
19 Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations
20 concerning the involvement of official personnel in civil rights violations are not sufficient.  See
21 Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S AMENDED COMPLAINT**

23  In his amended complaint plaintiff has identified as defendants the Yolo County Jail,
24 Tammy Owens (the Director of Medical), Yolo County Sheriff Ed Prieto, Commander Robbin
25 Faliuy, and Lieutenant Radamaker.  The allegations of plaintiff's amended complaint are
26 somewhat difficult to decipher, but he appears to allege that since April 2014, he has not received
27 adequate treatment for his mental illness and has not received pain medication for head trauma he
28 suffered in 2011.  In his amended complaint plaintiff also alleges that he suffers from bipolar

depression and headaches.  In terms of relief, plaintiff requests the award of damages.  (Compl. at 3.)

## DISCUSSION

The allegations in plaintiff's amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court will grant plaintiff leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The second amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey, 673 F.2d at 268.

Plaintiff's amended complaint suffers from a number of additional deficiencies.  As an initial matter, the court notes that plaintiff has named a number of supervisory officials, including jail medical director Tammy Owens and Yolo County Sheriff Ed Prieto as defendants in this action.  As noted above, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior.  The Ninth Circuit has made clear that a supervisory defendant may be held liable under § 1983 only "'if there exists either (1)

4

his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989)).  In this case, it does not appear from the allegations of plaintiff's amended complaint that the supervisory defendants were personally involved in the alleged deprivation of his constitutional rights.  If plaintiff wishes to proceed against any supervisory defendants, he will need to allege facts in his second amended complaint clarifying the causal connection between the defendants and his alleged constitutional deprivations.

In addition, if plaintiff wishes to proceed on an Eighth Amendment claim for inadequate medical and/or mental health care, he is advised that inadequate medical and mental health care do not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) ("deliberate indifference" standard also applies in cases involving the adequacy of mental health care in prisons).  In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

If plaintiff wishes to proceed on a claim that he was provided constitutionally inadequate medical and/or mental health care, he must allege facts demonstrating how each named defendant's actions rose to the level of "deliberate indifference."  Plaintiff is also advised that mere differences of opinion between a prisoner and prison medical staff as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Moreover, before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or

1  'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d
2  458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). See also Wood v. Housewright, 900
3  F.2d 1332, 1334 (9th Cir. 1990) ("In determining deliberate indifference, we scrutinize the
4  particular facts and look for substantial indifference in the individual case, indicating more than
5  mere negligence or isolated occurrences of neglect.").

6      Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S.
7  at 104-05. To establish a claim of deliberate indifference arising from delay in providing care,
8  however, a plaintiff must allege facts showing that the delay was harmful. See Berry v. Bunnell,
9  39 F.3d 1056, 1057 (9th Cir. 1994); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989);
10 Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this
11 regard, "[a] prisoner need not show his harm was substantial; however, such would provide
12 additional support for the inmate's claim that the defendant was deliberately indifferent to his
13 needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

14     Finally, insofar as plaintiff wishes to proceed in this action against Yolo County, he is
15 advised that will need to satisfy four conditions in order to establish municipal liability:  "(1) that
16 [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality
17 had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional
18 right and (4) that the policy is the moving force behind the constitutional violation." Van Ort v.
19 Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) (internal quotations omitted). In any
20 second amended complaint plaintiff elects to file, he should identify any policy (or policies)
21 pertinent to his claims. He must also allege therein facts that show he received inadequate
22 medical and/or mental health care pursuant to the policy and that the policy was the "moving
23 force" or cause of his injury. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012).

24     Plaintiff is informed that the court cannot refer to prior pleadings in order to make his
25 second amended complaint complete. Local Rule 220 requires that an amended complaint be
26 complete in itself without reference to any prior pleading. This is because, as a general rule, an
27 amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th
28 Cir. 1967). Once plaintiff files a second amended complaint, the prior pleading no longer serves

any function in the case. Therefore, in any second amended complaint plaintiff elects to file, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Sheriff of Yolo County filed concurrently herewith.

3. Plaintiff's amended complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in dismissal of this action without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

Dated:  April 21, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
john2253.14a